**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DAISY S. BRADFORD**                                                                                   **PLAINTIFF**

**vs.**                                              **NO. 3:05-CV-00239 GTE**

**DODGE STORE a/k/a SAVINGS, INC.**                                              **DEFENDANT**

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Dodge Store, a/k/a Savings, Inc. (hereafter "Dodge Store"). The motion was filed on May 31, 2006. Plaintiff has neither responded to the motion, nor requested an extension of time to respond thereto. Accordingly, those facts alleged in support of Dodge's motion are accepted as true pursuant to Local Rule 56.1(c). The Court reviews Dodge's motion to determine whether, under applicable law, Dodge is entitled to judgment as a matter of law. For the reasons stated herein, the Court concludes that it is.

## FACTUAL BACKGROUND

On or about October 3, 2003, in Memphis, Tennessee, Plaintiff Daisy Bradford drove her daughter, Mary Bracy, to a medical appointment where Ms. Bracy was scheduled to have a colonoscopy. Following the procedure, the Plaintiff drove to West Memphis where she stopped at the Dodge Store. Ms. Bracy remained in the car while Plaintiff went inside. While exiting the Dodge Store, Plaintiff fell. Ms. Bracy did not see her mother fall. Plaintiff does not know why she fell. Plaintiff is unaware of any substance or condition on the ground that caused or

contributed to her fall.

On September 8, 2005, Plaintiff filed a Complaint in the Circuit Court of Crittenden County, Arkansas. She alleges in her Complaint that while leaving the Dodge Store, "she slipped and fell on slippery concrete." (Complaint at ¶ 3). The Complaint alleges that the Dodge Store was negligent for failing to maintain its premises in a safe condition. Plaintiff claims to have suffered a contusion of the right knee as a result of her fall. She seeks damages for her injuries in the amount of $100,000.00.

On October 17, 2005, the Defendant, based on diversity subject matter jurisdiction, caused the case to be removed to federal court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## DISCUSSION

To recover damages based on her slip and fall allegations, Plaintiff "must show either that: "(1) the presence of a substance upon the premises was the result of the defendant's

negligence, or (2) the substance had been on the floor for such a length of time that the [defendant] knew or reasonably should have known of its presence and failed to use ordinary care to remove it." *House v. Wal-Mart Stores, Inc.*, 316 Ark. 221, 223, 872 S.W.2d 51, 53 (1994). Plaintiff has failed to make a showing of either in this case.

## CONCLUSION

It is well established under Arkansas law that "the mere fact a person slips and falls does not give rise to an inference of negligence." *Id.*  Plaintiff having come forward with no more evidence than that she slipped and fell while exiting the Defendant's premises,

IT IS THEREFORE ORDERED THAT Defendant's Motion for Summary Judgment (Docket No. 22) be, and it is hereby, GRANTED.  Judgment will be entered separately.

IT IS SO ORDERED THIS  26th   day of June, 2006.

                                                    /s/Garnett Thomas Eisele
                                             UNITED STATES DISTRICT JUDGE