**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DAISY S. BRADFORD**                                                                    **PLAINTIFF**

**vs.**                                        **NO. 3:05-CV-00239 GTE**

**DODGE STORE a/k/a SAVINGS, INC.**                                        **DEFENDANT**

**ORDER GRANTING MOTION TO RECONSIDER**
**AND DIRECTING PLAINTIFF TO RESPOND TO SUMMARY JUDGMENT MOTION**
**BY AUGUST 7, 2006**

Before the Court is a Motion for Reconsideration filed by Plaintiff Daisy S. Bradford, to which the Defendant Dodge Store a/k/a Savings, Inc. ("Dodge") has responded. The Court will reconsider its prior Order granting Defendant's Motion for Summary Judgment, but only when and if the Plaintiff submits a response opposing Defendant's Motion for Summary Judgment.

**BACKGROUND**

This is a slip and fall case. Plaintiff alleges in her Complaint that she slipped and fell while on the Defendant's business premises. She seeks damages in the amount of $100,000.

Although Plaintiff originally filed her case in state court, the Defendant removed it to federal court based on diversity jurisdiction. The case was scheduled for trial on July 31, 2006.

On May 31, 2006, Defendant filed a Motion for Summary Judgment. (Docket No. 22). No response to the motion was filed. On June 26, 2006, the Court entered an Order granting Defendant's Motion for Summary Judgment and a Judgment dismissing the case. (Docket No. 25 and 26).

1

Counsel for the Plaintiff contends that he did not receive a copy of the Defendant's Motion for Summary Judgment and requests the Court to reconsider, amend or vacate its prior Order and Judgment.

## DISCUSSION

The Court concludes that considerations of fairness dictate that the Plaintiff should be permitted to oppose Defendant's summary judgment motion.  The Court declines to vacate the Order, as Plaintiff requests, but will permit Plaintiff to submit a response to Defendant's motion for summary judgment at which time the Court will consider whether its prior grant of summary judgment was appropriate.  If Plaintiff satisfies her obligation pursuant to Fed. R. Civ. P. 56 to demonstrate that a material issue of fact exists for trial, the Court will vacate its prior Order and Judgment, dated June 26, 2006, and set this case for trial.

The Court takes issue with Plaintiff counsel's statement that he never indicated that electronic service was the sole means by which his office would receive notice of filing of pleadings in this case.  The Court has checked with the Clerk of the Court's Office and it appears that Mr. Wilson submitted a completed ECF Registration Form to the Court on May 17, 2006.  In that Registration Form, in the paragraph above his signature,  Mr. Wilson specifically consented to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b)(2)(D) via the Court's ECF system.  Further, Local Rule 5.2 specifically provides:

> Transmission of the Notice of Electronic Filing through the court's transmission facilities constitutes service of the filed document upon each party in the case who is registered as a Filing User.

 Thus, contrary to Mr. Wilson's assertion, he was not entitled to receive notice by any means other than electronically.

2

Further, the Court, upon inquiry, has been advised that the Court's ECF system automatically prepares a tracking log for every pleading served electronically.  The "U.S. Court's Outbound E-Mail Tracking" shows that on May 31, 2006, at 16:39:25, a copy of the Defendant's Motion for Summary Judgment was successfully delivered to the e-mail address registered by Plaintiff's counsel with the Court, equirewilson@yahoo.com.  (A copy of said Tracking Log is attached hereto as Exhibit A).

The Court is further advised that while Mr. Wilson's e-mail host, Yahoo, acknowledged delivery of the motion to Mr. Wilson's e-mail address, it is possible that Mr. Wilson may not have actually received it.  The two most likely reasons that he would not have received it are that he inadvertently deleted it or the e-mail was filtered out, perhaps into a junk mail folder, and therefore did not actually find its way into Mr. Wilson's e-mail inbox.

The Court accepts Mr. Wilson's word that he did not receive notice of the filing of the Motion for Summary Judgment.  The Court has gone to the trouble to find out what likely happened in order to provide Mr. Wilson with more information about the Court's ECF system and how it actually works.[1]  It may be that Mr. Wilson does not wish to continue as a registered ECF user, since as long as he is, he is only entitled to receive notice of pleadings filed in this case, and any others in the Eastern District of Arkansas, via electronic notice.  If so, the Court directs Mr. Wilson to take the steps necessary to remove himself as a registered electronic user. Mr. Wilson took the affirmative step of registering as an electronic filer and he must also take the affirmative steps necessary to remove himself as an electronic filer if he wishes to receive notice

---

[1] This exercise has also served to further enlighten the Court as to how the ECF system actually works from the perspective of practicing attorneys and the technology behind it.

3

of pleadings, Orders, or any other documents filed in this case in any form other than electronically.[2]

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Reconsideration and To Amend or Vacate (Docket No. 27) be, and it is hereby, GRANTED IN PART AND DENIED IN PART. The Court will reconsider its prior decision to grant summary judgment, but only when Plaintiff submits a response in opposition to Defendant's Motion for Summary Judgment.

IT IS FURTHER ORDERED, *sua sponte*, THAT Plaintiff Daisy S. Bradford and her counsel Mr. Wilson, are hereby directed to submit a response to the Motion for Summary Judgment that complies with the Court's Local Rule 56.1. Said response shall be filed not later than **Monday, August 7, 2006.**

In addition to providing notice of this Order to Mr. Wilson electronically, the Clerk of the Court is also directed to send him a copy via U.S. Mail.

IT IS SO ORDERED THIS 25th day of July, 2006.

         /s/ Garnett Thomas Eisele
         UNITED STATES DISTRICT JUDGE

---

[2] Out of an abundance of caution and to ensure receipt, the Court is directing the Clerk to send Mr. Wilson a copy of this Order by U.S. Mail.

 **IRONPORT™ MAIL FLOW CENTRAL**



# U.S. Courts Outbound E-Mail Tracking -> Tracking Details

| Message Details | |
|---|---|
| **Back** | |
| **Envelope and Header Information** | |
| Sender: | ecf_support@ared.uscourts.gov |
| Recipient(s): | ared_ecf@ared.uscourts.gov,esquirewilson@yahoo.com |
| Subject: | Activity in Case 3:05-cv-00239-GTE Bradford v. Savings Incorporated "Motion for Summary Judgment" |
| Message-ID Header: | 668461@ared.uscourts.gov |
| Message Size: | 3.04 (KB) |
| Receiving IP: | 156.119.51.23 |
| Received Time: | May 31, 2006 16:39:24 |
| SMTP Authenticated User Id: | N/A |
| **Sending Host Information** | |
| IP Address: | 156.127.8.205 |
| Reverse DNS hostname: | aredlei.ared.circ8.dcn (Not Verified) |
| SBRS score: | none |
| **Message Processing** | |
| May 31, 2006 16:39:25 | Message enqueued |
| May 31, 2006 16:39:25 | Message matched all recipients using policy DEFAULT in the inbound table |
| May 31, 2006 16:39:25 | Message queued for delivery |
| **Message Delivery** | |
| May 31, 2006 16:39:25 | Message successfully delivered to ared_ecf@ared.uscourts.gov at 156.127.96.228. Response: 'Message accepted for delivery' |
| May 31, 2006 16:39:26 | Message successfully delivered to esquirewilson@yahoo.com at 67.28.113.19. Response: 'ok dirdel' |

© Copyright 2004-2005 IronPort Systems, Inc.